IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHAMPS SPORTS BAR & GRILL CO., FASHIONADVICE.COM, LLC d/b/a SAM MALOUF, ARCHER'S BARBEQUE, LLC, and WOKCHOW DEVELOPMENT, LLC, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCURY PAYMENT SYSTEMS, LLC and GLOBAL PAYMENTS DIRECT, INC.,<br><br>Defendants. | Case No. 1:16-CV-00012-MHC |

**PRELIMINARY APPROVAL ORDER**

This matter is before the Court for consideration of whether the settlement reached by the parties should be preliminarily approved, the proposed settlement class preliminarily certified, and the proposed plan for notifying the class adopted. Having reviewed the proposed settlement agreement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed settlement satisfies the criteria for preliminary approval, the proposed settlement class should be preliminarily certified, and the

proposed notice plan approved. Accordingly, good cause appearing in the record,

**IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

(1) The Court provisionally certifies the following settlement class:

All persons who contracted with or through Mercury or were referred by Mercury to Global to receive payment processing services from October 9, 2009 through the date of preliminary approval and who were charged: (a) a card association access fee exceeding the amount of the published access fees current as of the date of the charge, and/or an interchange rate exceeding published interchange rates current as of the date of the charge for those whose contracts provided that such fees and rates would be passed through at cost; or (b) any of the following fees: Regulatory Fee, Data Security Fee, PCI Fee, Monthly Maintenance Fee, Batch Fee, Statement Fee, Annual Fee, Assc Card Accpt & License Fee, and MSA Breach Only Fee.

Excluded from the class are Defendants; parents or subsidiaries of any Defendant; any entity in which any Defendant has a controlling interest; Defendants' counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are any persons that exclude themselves from the class in accordance with the provisions set forth in the class notice.

(2) The Court determines that for settlement purposes the proposed settlement class meets all the requirements of Federal Rule of Procedure Rule 23(a) and (b)(3), namely that the class is so numerous that joinder of all members

is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class, as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)  The Court appoints the following as representatives of the proposed settlement class: Champs Sports Bar & Grill Co., Fashionadvice.com LLC d/b/a Sam Malouf, Archer's Barbeque, LLC, and Wokchow Development, LLC.

(4)  The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): David M. Buckner of Buckner + Miles; Kenneth S. Canfield of Doffermyre Shields Canfield & Knowles, LLC; Adam J. Levitt of DiCello Levitt & Casey, LLC; and E. Adam Webb of Webb, Klase & Lemond LLC. The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

### Preliminary Approval of the Proposed Settlement

(5)  Upon preliminary review, the Court finds the proposed settlement is

fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the settlement class. Accordingly, the proposed settlement is preliminarily approved.

(6) Pursuant to the terms of the settlement agreement, on or about July 1, 2017, but not prior to that date, Defendant Mercury Payment Systems, LLC is directed to pay the sum of $52 million (Fifty-Two Million Dollars) into an escrow account to be established and maintained by the escrow agent to be selected by the parties, in coordination with the settlement administrator appointed below, as set out in the settlement.

### Final Approval Hearing

(7) A Final Approval Hearing shall take place before the Court on August 29, 2017, at 9:30 a.m. in Courtroom 1905 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303-3309, to determine, among other things, whether: (a) the proposed settlement class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the settlement's terms, this matter should be dismissed with prejudice; (c) Class Counsel's application for attorneys' fees and expenses should be approved; and (d) the application for the

class representatives to receive service awards should be approved. Any other matters the Court deems necessary and appropriate will also be heard.

(8) Any settlement class member that has not timely and properly excluded itself from the settlement class in the manner described below, may appear at the Final Approval Hearing in person or through counsel and be heard, to the extent allowed by the Court, regarding the proposed settlement; provided, however, that no class member that has elected to exclude itself from the class shall be entitled to object or otherwise appear, and, further provided, that no class member shall be heard in opposition to the settlement unless the class member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9) Epiq Systems is appointed as the Settlement Administrator, with responsibility for class notice and claims administration. The Settlement Administrator's fees, as approved by the parties, will be paid from the settlement fund pursuant to the settlement agreement.

## Notice to the Class

(10) The notice program set forth in the settlement agreement and the forms of notice and claim form attached as exhibits to the settlement agreement

satisfy the requirements of Federal Rule of Civil Procedure 23 and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the notice program in conformance with the settlement agreement and to perform all other tasks that the settlement agreement requires.

(11)   The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notices are written in plain language, use simple terminology, and are designed to be readily understandable by settlement class members.

## Exclusions from the Class

(12)   Any settlement class member that wishes to be excluded from the settlement class must mail a written notification of the intent to exclude itself to the

Settlement Administrator at the address provided in the notice, postmarked no later than August 14, 2017 (the "Opt-Out Deadline"). The written notification must identify the settlement class member and this action; state that the settlement class member has chosen to opt-out or exclude itself from the settlement class; and contain the name, address, position, and signature of the individual who is acting on behalf of the settlement class member.

(13)   The Settlement Administrator shall provide the parties with copies of all opt-out notifications, and, within ten days after the Opt-Out Deadline, a final list of all that have timely and validly excluded themselves from the settlement class. The final list should be filed with the Court before the Final Approval Hearing.

(14)   Any settlement class member that does not timely and validly exclude itself from the settlement shall be bound by the terms of the settlement. If final judgment is entered, any settlement class member that has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the release set forth in the settlement and final judgment.

(15)   All those that submit valid and timely notices of exclusion shall not be entitled to receive any benefits of the settlement.

## Objections to the Settlement

(16) A settlement class member that complies with the requirements of this Order may object to the settlement, Class Counsel's request for fees and expenses, or the request for service awards to the class representatives.

(17) No settlement class member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any settlement class member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Defendants' Counsel, at the addresses listed in the Long Form Notice available on the settlement website, and postmarked by no later than the Objection Deadline, as specified in the Long Form Notice. Objections shall not exceed twenty-five (25) pages. For the objection to be considered by the Court, the objection shall set forth:

    (a)    The name of this action;

    (b)    The name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

    (c)    An explanation of the basis upon which the objector claims to be a settlement class member;

(d) All grounds for the objection, accompanied by any legal support for the objection;

(e) The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement, the fee application, or the application for service awards;

(f) The identity of all counsel representing the objector who will appear at the Final Approval Hearing;

(g) The number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders relating to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each case;

(h) The number of times in which the objector's counsel and the counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a

copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each case;

(i) If the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

(j) Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

(k) A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

10

(l) A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

(m) The objector's signature on the written objection (an attorney's signature is not sufficient).

(18) In addition, any settlement class member that objects to the proposed settlement must make itself available to be deposed regarding the grounds for its objection and must provide along with its objection four dates when the objector will be available to be deposed during the period from when the objection is filed through the date ten days before the Final Approval Hearing.

(19) Any settlement class member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the settlement agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the release in the settlement agreement if final judgment is entered.

## Claims Process and Allocation Formula

(20) The settlement agreement establishes a process for providing benefits to current customers, who will automatically receive a cash payment unless they opt to receive a credit to be applied to certain goods and services, and former customers, who are eligible to receive a cash payment if they submit a timely, valid

claim form. The Court preliminarily approves this process, including specifically the Allocation Formula that describes how cash payments will be calculated and is attached as Exhibit 1 to the settlement agreement, and directs that the Settlement Administrator effectuate the claims and distribution process according to the terms of the settlement agreement.

(21) Settlement class members that are required to file a claim to receive a cash payment shall do so in accordance with the requirements and procedures specified in the notice and the claim form. If final judgment is entered, settlement class members that are required to file a claim to qualify for a cash payment, namely former customers, but fail to submit a claim in accordance with the requirements and procedures specified in the notice and claim form, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the settlement agreement, including the release included in that agreement, and the final judgment.

### Termination of the Settlement and Use of this Order

(22) This Order shall become null and void and shall be without prejudice to the rights of the parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is not finally approved by the Court or is terminated in accordance with

the terms of the settlement agreement. In such event, the settlement and settlement agreement shall become null and void and be of no further force and effect, and neither the settlement agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

(23) This Order shall be of no force or effect if final judgment is not entered or there is no Effective Date under the terms of the settlement agreement; shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any settlement class representative or any other settlement class member that its claims lack merit or that the relief requested is inappropriate, improper, or unavailable; and shall not constitute a waiver by any party of any defense or claims it may have in this litigation or in any other lawsuit.

## Stay of Proceedings

(24) Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of final judgment, or until further order.

## Continuance of Final Approval Hearing

(25) The Court reserves the right to adjourn or continue the Final

Approval Hearing and related deadlines without further written notice to the settlement class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website.

## Summary of Deadlines

(26) The settlement agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the settlement agreement and this Order include but are not limited to the following:

<u>Notice Deadline</u>: June 15, 2017

<u>Objection and Opt-Out Deadline</u>: August 14, 2017

<u>Claims Deadline</u>: October 13, 2017

<u>Filing Motion for Final Approval</u>: July 31, 2017

<u>Final Approval Hearing</u>: August 29, 2017

IT IS SO ORDERED this 16th day of May, 2017.

*Mark H. Cohen*
The Honorable Mark H. Cohen
United States District Court Judge