## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CHAMPS SPORTS BAR & GRILL CO.,
FASHIONADVICE.COM, LLC d/b/a
SAM MALOUF, ARCHER'S
BARBEQUE, LLC, and WOKCHOW
DEVELOPMENT, LLC, individually and
on behalf of all others similarly situated,

Plaintiffs,

v.

MERCURY PAYMENT SYSTEMS, LLC
and GLOBAL PAYMENTS DIRECT,
INC.,

Defendants.

Case No. 1:16-CV-00012-MHC

## FINAL ORDER AND JUDGMENT

This matter is before the Court on the following motions: (1) Plaintiffs'

Unopposed Motion for Final Approval of Class Action Settlement and

Certification of the Settlement Class [Doc. 81]; and (2) Plaintiffs' Motion for

Attorneys' Fees, Expenses, and Service Awards to the Class Representatives [Doc.

82]. Having considered the written submissions and after oral argument at a

hearing on August 29, 2017, the Court hereby **GRANTS** both motions for the

reasons set forth below.

## BACKGROUND

(1)     Defendant Mercury Payment Systems, LLC is in the business of handling credit and debit card transactions for merchants.  Mercury and Defendant Global Payments Direct, Inc., a back-end payment card processing company, act as intermediaries between the parties to a payment card transaction, ensuring  that merchants are paid and the financial institutions and card networks (such as Visa and MasterCard) receive the fees due them.  Pursuant to the form contracts at issue that each merchant was required to sign, as construed by Plaintiffs, Mercury and Global were to collect fees for their own services; pass through, at cost, the fees charged by the card networks and financial institutions involved; and send monthly invoices summarizing the transactions and describing the fees that were charged.

(2)     Plaintiffs allege that, contrary to what their contracts provided, Defendants were inflating the fees that should have been passed through at cost and collecting other unauthorized charges.  In their Consolidated Amended Class Action Complaint [Doc. 42] ("Consolidated Complaint"), Plaintiffs seek to recover the alleged overcharges on behalf of themselves and a national class of other merchants, asserting claims for breach of contract, fraud, unjust enrichment and violation of the Georgia and federal RICO statutes.  Defendants deny Plaintiffs' allegations and contend the claims have no merit.  After the

Consolidated Complaint was filed, Defendants moved to dismiss the fraud and RICO claims, which motion was fully briefed.  In October, 2016, the parties agreed to discuss settlement and, at their request, the Court deferred ruling on the pending dismissal motion.

(3)     The parties periodically updated the Court of the status of their negotiations and, on April 26, 2017, notified the Court that they had reached a tentative settlement.  The tentative deal was later reduced to a binding Settlement Agreement and Release [Doc. 76-2] ("Settlement Agreement"), which the parties submitted for preliminary approval on May 12, 2017.  The Court preliminarily approved the proposed Settlement Agreement and the plan for notifying the class on May 16, 2017.  Order [Doc. 78] ("Preliminary Approval Order").

(4)     Pursuant to the plan approved in the Preliminary Approval Order, notice has been disseminated to the class.  On or before the objection deadline, a total of four objections were filed with the Court by Jason's Deli, Aaron Webster, Advanced Nutrition Center, and Leighasta, Inc.  The objections of Jason's Deli, Advanced Nutrition Center, and Leighasta, Inc. were withdrawn, and the withdrawal of the three objections is hereby approved pursuant to Fed. R. Civ. Proc. 23(e)(5).  Plaintiffs moved to strike the objection filed by Mr. Webster because of his willful refusal to comply with the requirements of the Preliminary

Approval Order.  The Court gave Mr. Webster an opportunity to respond in writing and to comply with the Preliminary Approval Order.  Mr. Webster failed to demonstrate that he had complied or would comply with the Preliminary Approval Order and offered no reason why he was unable to comply.  Therefore, in accordance with the terms of the Preliminary Approval Order, to prevent continuing prejudice to the class, and as further explained on the record at the telephonic hearing, the Court granted Plaintiffs' motion, struck Mr. Webster's objection, and deemed that objection to be waived and forfeited.  [Doc. 99.]

(5)     Despite the withdrawal of three objections and the Court's order to strike the fourth, and in furtherance of its responsibility to absent class members, the Court has reviewed the substance of the arguments raised in the aforementioned objections and considered the brief filed by Plaintiffs that addresses those arguments.  The Court is persuaded that none of the arguments raised by these objectors have merit and, accordingly, if any of the objections remained before the Court, they would be denied.

## SETTLEMENT TERMS

(6)     In a broad overview, the Settlement Agreement establishes a settlement fund of $52 million and makes available additional benefits to the class, bringing its total potential value to $72.5 million.  The settlement fund will be used

to pay cash benefits to class members, costs of notice and administration, attorneys' fees and expenses, and service awards. All class members are eligible to receive a cash payment. Current customers will automatically receive a cash payment by electronic funds transfer unless they affirmatively choose to accept a credit of twice the amount of the cash payment that can be used to buy certain products that Mercury offers. Former customers will receive a payment if they file a claim form attesting that they are in the class and providing their current contact information. Former customers are not eligible for the credit option because they no longer do business with Mercury.

(7)    The cash payments are calculated in the same manner for current and former customers pursuant to an allocation formula attached as Exhibit 1 to the Settlement Agreement. If the total of the credits and cash distributed to current customers, the cash amount claimed by former customers, costs of notice and administration, attorneys' fees and expenses, and service awards is less than $38 million, then the difference between the total of all those amounts and $38 million will be distributed *pro rata* to class members who are either current customers of Mercury or former customers who timely submit a claim, and the amount remaining in the settlement fund after this distribution shall be returned to Mercury, along with any accrued interest. If the total of all those amounts is more

than $38 million but less than $52 million, the money remaining in the settlement fund after payment of all obligations will be returned to Mercury, along with any accrued interest.

(8)    In conjunction with the Settlement Agreement, the class will release Defendants from the claims that were or could have been raised in this case.  Class members specifically retain all rights to challenge invoices sent by Defendants after May 16, 2017, the date of preliminary approval.  In turn, Defendants will release class members from any potential liability for payment of the attorneys' fees and expenses incurred by defendants in defending this case.

### APPROVAL OF CLASS NOTICE

(9)    The class has been notified of the Settlement Agreement pursuant to the plan approved by the Court.  After having reviewed the Declaration of Cameron R. Azari, Esq. Regarding Notice [Doc. 81-2], a representative of the settlement administrator appointed to carry out the notice program, the Court had questions regarding how Mr. Azari calculated the number of class members who received notice of the Settlement Agreement and the basis for his conclusion regarding the percentage of the class members that received the notice.  The Court directed the parties to obtain a supplemental declaration from Mr. Azari explaining his calculations and the basis for his conclusion.  On August 30, 2017, the parties

submitted Mr. Azari's supplemental declaration [Doc. 103-1]. The Court is satisfied with Mr. Azari's calculations, explanation, and conclusion that notice was delivered to 96.7 percent of the class. Accordingly, based on Mr. Azari's initial and supplemental declarations, the Court hereby finds that notice was accomplished in accordance with the Court's directive. The Court further finds that the notice program constituted the best practicable notice to the settlement class under the circumstances and fully satisfies the requirements of due process, FED. R. CIV. P. 23, and 28 U.S.C. § 1715. Accordingly, the Court has jurisdiction over all class members for purposes of the Settlement Agreement.

## APPROVAL OF THE SETTLEMENT

(10)   The Court finds that the parties' Settlement Agreement is fair, reasonable and adequate in accordance with Rule 23; was reached at arm's length without collusion or fraud; and satisfies all of the requirements for final approval. The Court has considered the complexity, expense, and likely duration of the litigation if the Settlement Agreement is not approved; the odds of the Plaintiffs succeeding at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of class counsel and the class representatives; the opinions of Michael Bowers, Lawrence Ashe, and Hunter Hughes; and the degree of opposition to the Settlement Agreement.

(11)   The Court also finds, based on the well-developed record, that class counsel were well-prepared, understood the merits of the case, and had sufficient information to evaluate the proposed Settlement Agreement; that class counsel reasonably concluded the Settlement Agreement recovers between 25 and 50 percent of the overcharges that likely could be recovered if the case went to trial; and that the Settlement Agreement is an excellent result for the class considering all of the significant risks and substantial expense of continued litigation, particularly since the class will receive the benefits of the Settlement Agreement immediately.

(12)   Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Settlement Agreement, and finds that the Settlement Agreement and the allocation plan for distributing the settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

## CERTIFICATION OF THE SETTLEMENT CLASS

(13)   The Court hereby certifies, for settlement purposes only, the following settlement class:

> All persons who contracted with or through Mercury or were referred by Mercury to Global to receive payment processing services from October 9, 2009 through the date of preliminary approval and who were charged: (a) a card association access fee exceeding the amount of the published access fees current as of the date of the charge, and/or an interchange rate exceeding published interchange rates current as

of the date of the charge for those whose contracts provided that such fees and rates would be passed through at cost; or (b) any of the following fees: Regulatory Fee, Data Security Fee, PCI Fee, Monthly Maintenance Fee, Batch Fee, Statement Fee, Annual Fee, Assc Card Accpt & License Fee, and MSA Breach Only Fee.

Excluded from the settlement class are Defendants; parents or subsidiaries of any Defendant; any entity in which any Defendant has a controlling interest; Defendants' counsel; the Court and any employees of the Court; and the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded are those who properly excluded themselves from the class. A list of those who properly excluded themselves is attached to this order as Exhibit A.

(14)   The Court finds that all of the prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the settlement class for settlement purposes only. The settlement class, which contains 199,951 members, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement class; the claims of the settlement class representatives are typical of the claims of the absent settlement class members; the settlement class representatives and settlement class counsel have and will adequately and fairly protect the interests of the settlement class; and the common questions of law and fact predominate over questions affecting only individual settlement class members, rendering the settlement class sufficiently cohesive to warrant a class

settlement.

(15)   In making all of the foregoing findings, the Court has exercised its discretion in certifying a settlement class. Defendants have preserved all of their defenses and objections against and rights to oppose certification of a litigation class if the settlement does not become final and effective in accordance with the terms of the Settlement Agreement. Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by Defendants, or an admission regarding the propriety of certification of any particular class for litigation purposes, nor shall this order be offered in evidence in any proceeding relating to the certification of a class.

(16)   David Buckner, Kenneth Canfield, Adam Levitt, and Adam Webb have adequately represented the settlement class and are hereby appointed as settlement class counsel. Champs Sports Bar & Grill Co., FashionAdvice.com, LLC d/b/a Sam Malouf, Archer's Barbeque, LLC, and WokChow Development, LLC are hereby appointed as settlement class representatives.

## ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

(17)   The Court hereby grants to class counsel a fee in the amount of $17,333,333.00 and expenses in the amount of $175,000.00, as provided in the Settlement Agreement, which the Court finds to be fully supported by the facts and

applicable law.  These amounts shall be paid from the settlement fund.

(18)   The Court finds that the parties' agreement with regard to the payment

of fees and expenses was not negotiated while they were negotiating the other

terms of the Settlement Agreement and that the agreement with regard to the

payment of fees and expenses was not the product of collusion or fraud.  In fact,

the amount of attorneys' fees and expenses to be paid was negotiated only after the

other terms of the Settlement Agreement had been agreed upon.  As a result, the

parties' agreement as to payment of fees and expenses is entitled to substantial

weight.  See, e.g., Strube v. Am. Equity Inv. Life Ins. Co., No. 6:01-CV-1236-

ORL-19DAB, 2006 WL 1232816, at *2 (M.D. Fla. May 5, 2006).  In any event,

the agreed-upon attorneys' fee is warranted as it is reasonable under the applicable

facts and law.

(19)   The requested attorneys' fee is justified under the percentage of the

common fund approach adopted by the Eleventh Circuit in Camden I

Condominium Ass'n, Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991).  The fee

represents approximately 24 percent of the $72.5 million in total potential benefits

available to the class and one-third of the $52 million cash settlement.  In

approving the requested fee, the Court has carefully considered the factors listed in

Camden I, including the time and labor involved; the questions and difficulty of

the questions involved; the skill needed to perform the services properly; the

preclusion of other employment; the customary fee; the fact that the fee was

entirely contingent on a successful outcome; the time limitations imposed by the

circumstances; the amount involved and the results obtained; the experience,

reputation and ability of the attorneys; awards in similar cases; the objections by

class members; the risks undertaken by class counsel; the economics involved in

prosecuting class actions; and the other relevant circumstances.  The record shows

that these factors support the requested fee.

(20)   The Settlement Agreement provides that class counsel are entitled to

be reimbursed up to $175,000.00 for their expenses incurred in connection with

this case.  Class counsel have provided a declaration that, in fact, they have

reasonably incurred more than $175,000.00 in expenses and the propriety of these

expenses is supported by two experts.  The Court approves class counsel's request

to be reimbursed for $175,000.00 in expenses.  The approved amount of

$175,000.00 thus is to be paid to class counsel out of the settlement fund.

(21)   The Settlement Agreement provides that each of the class

representatives is to receive $20,000.00 for their service on behalf of the class.

The Court finds that payment of service awards is appropriate in this case in light

of their work on behalf of the class and the risk they took of being held responsible

for paying defendants' legal fees and expenses pursuant to provisions in their

merchant agreements with defendants.  But for their service and willingness to

accept this risk, the class would have received nothing.  Accordingly, the Court

hereby approves the awards.  See, e.g., Ingram v. Coca-Cola Co., 200 F.R.D. 685,

694 (N.D. Ga. 2001).   The awards are to be paid from the settlement fund.

## RELEASES

(22)   Pursuant to, and as more fully described in Section XII of the

Settlement Agreement, on the Effective Date, the Releasing Parties shall be

deemed to have and, by operation of this Final Order and Judgment shall have,

fully and irrevocably released and forever discharged the Released Parties from the

claims identified in Paragraph 65 of the Settlement Agreement.  The release does

not affect any right of the Releasing Parties to contest for any reason any invoice

sent by Defendants after May 16, 2017, the date of preliminary approval.  In

addition, on the Effective Date, defendants shall be deemed to have and, by

operation of this Final Order and Judgment shall have, fully and irrevocably

released and forever discharged the Released Parties from any potential liability for

payment of Defendants' attorneys' fees and expenses incurred in defending this

action.  The terms capitalized in this paragraph have the same meaning ascribed to

them in the Settlement Agreement.

## DISMISSAL AND FINAL JUDGMENT

(23)    The Court hereby **DISMISSES** this action **WITH PREJUDICE** as against the named Plaintiffs, all members of the settlement class and the Defendants.  The parties shall bear their own costs except as provided by the Settlement Agreement.

(24)    No class representative or settlement class member, either directly, representatively or in any other capacity (other than a settlement class member who validly and timely elected to be excluded from the settlement class), shall commence, continue or prosecute any action or proceeding in any court or tribunal asserting any of the claims that have been released under the Settlement Agreement, and they are hereby permanently enjoined from so proceeding.

(25)    By reason of the Settlement Agreement, and there being no just reason for delay, the Court hereby **ENTERS FINAL JUDGMENT** in this matter, which the Clerk of Court is **DIRECTED** to immediately enter.

(26)    Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.  The class representatives,

Defendants, and each member of the settlement class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

## **USE OF THIS ORDER**

(27)   That the parties have reached a Settlement Agreement and participated in proceedings related to the Settlement Agreement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, or (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing or other dereliction of duty; provided, however, that reference may be made to the Settlement Agreement as

may be necessary to effectuate or enforce its provisions.

(28)   In the event that the Settlement Agreement does not become effective according its terms, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection with the Settlement Agreement shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

## LATE OBJECTIONS

(29)   At the final approval hearing, the parties informed the Court that on the afternoon of previous day, August 28, 2017, they were notified of an additional objection that had been mailed to the settlement administrator by M&M Chow LLC (dba Kosher Central) rather than filed with the Court and served on counsel for the parties as required by the Preliminary Approval Order.  Consequently, the objection was untimely.  The objection also is deficient because it did not comply with other requirements of the Preliminary Approval Order, including the requirement that the objector provide available dates to be deposed, and thus, in accordance with Paragraph 19 of the Preliminary Approval Order, the objection is deemed waived and forfeited.  Despite the waiver and forfeiture of this objection, the Court has reviewed the substance of the argument raised therein and concludes

16

that the objection lacks merit. The sole ground for the objection – namely, that the Settlement Agreement disfavors smaller class members because "a volume system" is used to distribute its benefits – is based on an incorrect assumption. The parties designed the allocation formula to account for size and volume differences between class members, in part, by providing that thirty-five percent of the settlement funds would be distributed to class members *per capita,* that is without regard to the number or dollar volume of their transactions. The Court finds that this was a reasonable method of allocating the settlement funds and one that apparently was not understood by the objector.

(30)   M&M Chow LLC, through its representative, Joseph Gopin, appeared at the fairness hearing, raised a new matter relating to the Settlement Agreement, and withdrew its prior objection. According to Mr. Gopin, because M&M Chow LLC had communicated with one of Class Counsel before suit was filed about serving as a class representative, it believes it is entitled to a service award of $20,000.00 to reimburse it for its time and expense before suit was filed. Mr. Gopin was unable to cite to any case law or statute in support of the request. Even if the request had been timely and otherwise complied with the requirements of the Preliminary Approval Order, which it did not, the Court does not have authority to approve the payment of a service award because, first, it was not agreed to by the

parties in the Settlement Agreement and, second, M&M Chow LLC did not serve

as a class representative.  Accordingly, the request is denied.  The remainder of the

objection is denied as moot.

(31)   On the afternoon of August 28, 2017, the Court received an email

from Dale Moon who allegedly was acting on behalf of Leighasta, Inc.

("Leighasta").  Mr. Moon attached a document entitled "Objection of Leighasta,

Inc. and Motion for Continuance."  The document was not filed with the Court,

was not served on counsel for the parties, and did not comply with the

requirements of the Preliminary Approval Order.  Consequently, the emailed

document was untimely, is not properly before the Court, and, under the express

terms of the Preliminary Approval Order, is stricken and deemed waived and

forfeited.  Further, the previous objection that was timely filed by Leighasta, which

complied with the Court's Preliminary Approval Order, was withdrawn by Scott

Clearman, the attorney who filed the objection for Leighasta, on the ground that

there was a question regarding the ownership of the corporation and thus the

validity of its objection.  Because the withdrawal was filed by Leighasta's attorney

acting with apparent authority to do so and that withdrawal has been approved by

the Court, Leighasta cannot now seek to reactivate the objection.  While Mr. Moon

contends that Mr. Clearman filed the withdrawal against his wishes, Leighasta is bound in this proceeding by Mr. Clearman's actions.

(32)    Even if Leighasta's emailed objection was properly before the Court, it would be denied because it lacks merit.  Mr. Moon was designated by Leighasta as its representative at a Rule 30(b)(6) deposition and was questioned about the substance of the Leighasta objection that was timely filed.  Mr. Moon admitted he had no evidence or knowledge supporting the objection and could not explain how the settlement amount was inadequate.  The emailed objection provides no reason to believe that Mr. Moon or Leighasta has obtained any evidence or improved its knowledge about the Settlement Agreement in the days since the deposition was taken.  Particularly under these circumstances, Leighasta's request to continue the final approval hearing so that it can conduct discovery regarding the basis for the Settlement Agreement is both untimely, unfounded, and prejudicial to the other class members who support the Settlement Agreement.  Leighasta's remaining objection, asserted in the emailed document for the first time, is that the notice was inadequate to inform the class about the Settlement Agreement.  The Court reviewed and approved the notice documents at the time the Settlement Agreement was preliminarily approved and has done so again before entering this Order.  The

Court specifically finds that the content of the notice sent to the class and available on the settlement website satisfies the requirements of due process and Rule 23.

## CONCLUSION

(33)   For the reasons set forth above, the Court hereby (a) **GRANTS** final approval of the Settlement Agreement; (b) **CERTIFIES** the settlement class pursuant to Federal Rules of Civil Procedure 23(b)(3) and (e); (c) finds the class notice satisfied the requirements of Rule 23, due process, and all other legal requirements; (d) approves the request of class counsel for a fee of $17,333,333.00, expenses of $175,000.00, and a service award of $20,000.00 to each of the class representatives; (e) **DISMISSES** this action **WITH PREJUDICE** as to all parties and the members of the settlement class; and (f) **ENTERS FINAL JUDGMENT**. The parties and settlement administrator are directed to carry out the Settlement Agreement according to its terms.

**IT IS SO ORDERED** this 31st day of August, 2017.

MARK H. COHEN
UNITED STATES DISTRICT JUDGE

# Exhibit A

Champs Sports Bar Grill Co., et al. v. Mercury Payment Systems, LLC and Global Payments Direct, Inc.,
Case No. 1:16-CV-00012-MHC
Requests for Exclusions

| | Document ID | Merchant Name |
|---|---|---|
| 1 | 900000029 | ADVANCED NUTRITION CENTER |
| 2 | 900000022 | FARM FRESH SUPERMARKET |
| 3 | 900000002 | FOOD FRONT COOPERATIVE GROCERY - NCG |
| 4 | 900000009 | GOURMET GLATT |
| 5 | 900000009 | GOURMET GLATT - ECOM |
| 6 | 900000009 | GOURMET GLATT MARKET |
| 7 | 900000009 | GOURMET GLATT – LAKEWOOD |
| 8 | 900000009 | GOURMET GLATT - LAKEWOOD - ECOM |
| 9 | 900000009 | GOURMET GLATT - WIRELESS |
| 10 | 900000009 | GOURMET GLATT - WOODMERE |
| 11 | 900000001 | GRYSKIEWICZ COSMETIC PROCEDURES PC |
| 12 | 900000001 | GRYSKIEWICZ COSMETIC PROCEDURES PC – OLD |
| 13 | 900000023 | HATULACHA SUPERMARKET, INC |
| 14 | 900000024 | HATZLANCHA GROCERY CORP |
| 15 | 900000025 | HATZLANCHA GROCERY CORP |
| 16 | 900000003 | HENNE ORGANICS |
| 17 | 900000020 | ISLA VISTA FOOD CO-OP - NCG |
| 18 | 900000028 | JASON'S GROCERY AND DELI |
| 19 | 900000019 | KOSHER CENTRAL - OLD |
| 20 | 900000019 | KOSHER CENTRAL |
| 21 | 900000008 | LOS ALAMOS COOP MARKET - NCG |
| 22 | 900000017 | MOLLYS JEWELERS - BROOKLYN |
| 23 | 900000018 | MOLLYS JEWELERS - LAKEWOOD |
| 24 | 900000014 | OH NUTS - BORO PARK |
| 25 | 900000015 | OH NUTS - CEDARHURST |
| 26 | 900000016 | OH NUTS - MONSEY |
| 27 | 900000013 | OH NUTS - ONLINE - ECOMMERCE |
| 28 | 900000006 | PEOPLES FOOD CO-OP - WIRELESS – NCG |
| 29 | 900000006 | PEOPLES FOOD CO-OP- NCG |
| 30 | 900000005 | POS CONSULTING |
| 31 | 900000004 | POS CONSULTING (VAR) |
| 32 | 900000010 | RIVERDALE GLATT SHOP |
| 33 | 900000027 | SEWARD COMMUNITY CO-OP - 38TH ST - NCG |
| 34 | 900000026 | SEWARD COMMUNITY CO-OP - NCG |
| 35 | 900000007 | SEWARD CO-OP CREAMERY CAFÉ |
| 36 | 900000011 | THE JUDAICA PLACE |
| 37 | 900000012 | THE JUDAICA PLACE - E-COMMERCE |
| 38 | 900000021 | THE RIVER ROCK SPORTS BAR & GRILL CORP |