```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
 2                         ATLANTA DIVISION

 3   CHAMPS SPORTS BAR & GRILL      )
     CO., ET AL,                    )
 4                                  )
                Plaintiffs,         )
 5          v.                      )   CIVIL ACTION
                                    )   FILE NO. 1:16-CV-00012-MHC
 6                                  )
     MERCURY PAYMENT SYSTEMS, LLC,  )
 7   ET AL,                         )
                                    )
 8              Defendants.         )
     _____)
 9

10             BEFORE THE HONORABLE MARK H. COHEN
                    TRANSCRIPT OF PROCEEDINGS
11                      AUGUST 23, 2017

12
     APPEARANCES:
13
     For the Plaintiffs:        KENNETH CANFIELD
14                              ADAM LEVITT
                                SETH MILES
15                              MATT KLASE
                                Attorneys at Law
16
     For the Defendant:         GREG PHILLIPS
17                              DAVID POPE
                                KURT LENTZ
18                              Attorneys at Law

19   For Aaron Webster:         ERIC ALAN ISAACSON
                                PATRICK WHITE
20                              Attorneys at Law

21       Proceedings recorded by mechanical stenography
            and computer-aided transcript produced by
22
               JANA B. COLTER, FAPR, RMR, CRR, CRC
23                    Official Court Reporter
                         2394 U.S. Courthouse
24                   75 Ted Turner Drive, SW
                       Atlanta, Georgia  30303
25                       (404) 215-1456
```

```
 1      (Atlanta, Fulton County, Georgia, August 23, 2017, in
 2   chambers.)
 3                            - - -
 4                       P R O C E E D I N G S
 5        THE COURT:  This is Judge Cohen.  Who's on the line?
 6        MR. LEVITT:  Good afternoon, Judge Cohen.  It's Adam
 7   Levitt of DiCello, Levitt & Casey in Chicago on plaintiffs'
 8   behalf.  We're waiting for a number of other people.  They're
 9   still calling in, I believe.
10        THE COURT:  All right.  Very good.
11        MR. ISAACSON:  Good morning, Your Honor.
12        MR. CANFIELD:  This is Ken Canfield.  I just signed
13   in on behalf of the plaintiffs.
14        THE COURT:  Good Afternoon.
15        MR. ISAACSON:  Good afternoon, Your Honor.  This is
16   Eric Alan Isaacson on behalf of the objector.  I believe I am
17   waiting for a hearing action on my pro hac vice motion.
18        THE COURT:  All right.
19        MR. WHITE:  And this is Patrick White, Your Honor.
20   I'm local counsel for Mr. Webster.
21        THE COURT:  All right, Mr. White.
22        MR. PHILLIPS:  On behalf of defendants, this is Greg
23   Phillips of Benesch, Friedlander.  My partner, David Pope, is
24   also on the line.  And Kurt Lentz of the McGuire Woods firm is
25   also on.
```

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | THE COURT:  Thank you, Mr. Phillips.                                         |
| 2  | MR. KLASE:  Your Honor, Matt Klase of Webb, Klase &                          |
| 3  | Lemond is here for plaintiffs as well.                                       |
| 4  | THE COURT:  Thank you, Counsel.                                              |
| 5  | MR. MILES:  Judge, Seth Miles from the firm of                               |
| 6  | Buckner & Miles on behalf of (indiscernible).                                |
| 7  | THE COURT:  I'm sorry on behalf of?                                          |
| 8  | MR. MILES:  Of the plaintiffs as well.                                       |
| 9  | THE COURT:  All right.  Thank you.  Are we waiting                           |
| 10 | for anyone else?                                                             |
| 11 | UNIDENTIFIED SPEAKER:  I don't believe so,                                   |
| 12 | Your Honor.                                                                  |
| 13 | THE COURT:  Okay.  All right.  This is the case of                           |
| 14 | Champs Sports Bar & Grill, et al versus Mercury Payment                      |
| 15 | Systems, LLC, et al, Civil Action Number 16-CV-12.  This is a                |
| 16 | conference call requested by the Court on plaintiffs' motion                 |
| 17 | to strike the objection of Aaron Webster.                                    |
| 18 | I would ask all the parties on the line if you wish                          |
| 19 | to speak, please reintroduce yourselves because we have a                    |
| 20 | court reporter taking this down and she's going to have a                    |
| 21 | difficult time figuring out who everybody is unless you state                |
| 22 | your name before you speak.                                                  |
| 23 | And let me cut to the chase.  And I wanted to get you                        |
| 24 | on the phone as quickly as possible after I reviewed the                     |
| 25 | motion to strike and all of the responses and replies and the                |

1  supporting documentation knowing that there's plans that need
2  to be made.  And I wanted to get you my response as soon as I
3  was able to review all the documents.
4          I intend on granting plaintiffs' motion to strike
5  Mr. Webster's objection, and let me briefly explain why.  The
6  preliminary approval order that was issued in May, on May 16th
7  of 2017, laid out what objectors had to do for their
8  objections to be considered by the Court.  The requirements
9  that were contained in the Court's order were not unusual,
10 they were very much consistent with similar orders from this
11 district.  The Court considered each of them before it put the
12 requirements in there and found that they were reasonable.
13         Mr. Webster, the evidence shows, received notice of
14 the order, I believe, on June 15th of 2017.  Of course the
15 deadline for filing objections was on August 14th of 2017,
16 which was two months after Mr. Webster received notice.
17 Rather than filing any motions for relief from any of the
18 requirements in the preliminary approval order or any other
19 motions for any alteration of that order with respect to
20 Mr. Webster, Mr. Webster waited until the final day that the
21 objections were due and in his objections, he chose, frankly,
22 which parts of the requirements for objectors he was going to
23 comply with and which parts he chose not to comply with.
24         Some of the wording, I must admit, I would classify,
25 with respect to the Court, as somewhat ad hominem language

1  calling the Court's requirements bizarre, unworkable and
2  absurd, among other things.  And I'm not going to get into
3  that.  But suffice it to say that if, in fact, Mr. Webster had
4  an issue with any of the requirements, the proper way to go
5  about it would have been to file a motion for relief from
6  those requirements rather than waiting until the last day and
7  filing what I would conclude as a partial objection that does
8  not meet the requirements of the preliminary approval order.
9  So based on that, I'm going to grant plaintiffs' motion to
10 strike.
11         I'll hear from anyone who wants to comment on that.
12         UNIDENTIFIED SPEAKER:  Nothing from the defendants,
13 Your Honor.
14              (Multiple voices overlapping)
15         THE COURT:  One at a time.
16         MR. CANFIELD:  This is Ken Canfield.
17         THE COURT:  All right.
18         MR. CANFIELD:  This is Ken Canfield.  We have nothing
19 further from the plaintiffs.
20         MR. ISAACSON:  Yeah.  Thank you, Your Honor.  This is
21 Eric Alan Isaacson for Aaron Webster, the objector.  I
22 apologize for the language that the Court did not like.  I'm
23 sorry about that.
24         With respect to the proper procedure, the notice and
25 order to have filing objections, they didn't set out a process

1 for seeking relief from the requirements that objections be
2 filed by a date, a certain date. I believe that by filing the
3 objections by that date, it should be considered, particularly
4 because the purpose of objections is not just to serve the
5 interest of a particular individual class member, but because
6 it's to serve the interest of the class, to make sure that the
7 Court is fully informed of whether -- of whatever objections
8 there may be.
9     Some courts have described the court's duty in
10 evaluating a proposed settlement as one that's fiduciary in
11 character. The Supreme Court in a case called *Mullane*,
12 M-U-L-L-A-N-E, indicated that the purpose of notice when
13 you're talking about group litigation is to ensure that
14 objections can be flushed out for the benefit of the class.
15 And that's one of the reasons the Supreme Court in *Mullane*
16 held that it's not necessary that every single member of the
17 class get notice regarding objections, it's enough that
18 there's reasonable notice so that class members who have
19 objections to advance can advance them and that this serves
20 the interest of the class.
21     I therefore respectfully submit that the Court should
22 consider the objections that have been advanced by Aaron
23 Webster.
24     THE COURT: Well, Mr. Isaacson, I mean, I've reviewed
25 your submissions with respect to what you've said, which is

1  kind of repetitive of what you've already told me.  And the
2  only thing I'll say about it is this, and that is that when
3  courts issue orders that contain requirements in the orders,
4  parties or nonparties, as it may be, in this case, it's a
5  nonparty, are required to comply with them.
6           Now, you've been an attorney for a while, and I think
7  you've, I think, stated that you're admitted I guess in every
8  district in this -- or every state in this country, so I don't
9  think it's a shock to you that if a court comes out with an
10 order and there's a part of the order that you're not happy
11 with, you know very well what the standard operating procedure
12 is, and that is to ask for relief from the order.
13          To say that the preliminary approval order had to
14 have a revision in there that gave parties time to object to
15 its provisions is somewhat ludicrous.  You could have at any
16 time between -- well, Mr. Webster could have at any time
17 within the two months he was aware of the objection filed a
18 motion to be relieved of some portion of the order.
19          I would also point out that there's nothing in this
20 order that I don't think you've already complied with in other
21 cases.  I mean, in terms of sitting for a deposition, in terms
22 of providing evidence that you've got to support your
23 objections, I think, in fact, something that you submitted to
24 me as part of your argument arose from a case in which you sat
25 for a deposition, so none of it -- or your client sat for a

1  deposition, I should say, or maybe it was you, I can't recall.
2          But in any event, I understand your position.  You've
3  made it clear from your documents.  I just wanted to clarify
4  what the Court's rationale was for granting the motion to
5  strike.
6          MR. ISAACSON:  Thank you, Your Honor.  This is Eric
7  Alan Isaacson.  I'm not a member of the bar of all states.
8  I'm a member of the bar of all of the federal circuit courts
9  of appeal --
10         THE COURT:  Okay.
11         MR. ISAACSON:  -- and in California.
12         THE COURT:  All right.  Well, you've got some work to
13 do to cover the rest, I guess.
14         All right.  Anything else on behalf of anybody on the
15 call?
16         MR. ISAACSON:  This is Eric Alan Isaacson again,
17 Your Honor.  I would like to note for the record that although
18 Mr. Webster received the notice in June, I was not brought
19 into the matter until much more recently.
20         THE COURT:  Well, when you say much more recently, I
21 thought you were brought into the matter in July.
22         MR. ISAACSON:  Yes, Your Honor.
23         THE COURT:  Yeah.  Like 30 days before your
24 objection, correct?
25         MR. ISAACSON:  I don't recall the date of the

1  objection, Your Honor.
2           THE COURT:  Well, the day of the objection was
3  August 14th.  I think you were brought into the case in
4  mid-July.  Am I wrong?
5           MR. ISAACSON:  No, I don't believe you're wrong,
6  Your Honor.
7           THE COURT:  Okay.  Thank you.  Anything further?
8           MR. CANFIELD:  Nothing from the plaintiffs,
9  Your Honor.
10          THE COURT:  All right.  Anything from anybody else?
11 All right.  I will --
12          MR. ISAACSON:  Nothing --
13          THE COURT:  I'm sorry, Mr. Isaacson, you were saying?
14               (Multiple voices overlapping)
15          MR. CANFIELD:  Nothing from the plaintiffs.
16          THE COURT:  Okay.  I will put out a formal order on
17 this down the road, but I wanted to get everybody together,
18 because time, obviously, is of the essence with respect to
19 this.
20          All right.  Thank you all for coming on with short
21 notice.
22          MR. CANFIELD:  Thank you, Your Honor.
23          MR. LEVITT:  Thank you, Your Honor.
24          MR. ISAACSON:  Thank you, Your Honor.
25          THE COURT:  Thank you.

1
2            (Whereupon, the proceedings were adjourned at 3:40
3   p.m.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1                    REPORTERS CERTIFICATE

 2

 3

 4         I, Jana B. Colter, Official Court Reporter for the

 5   United States District Court for the Northern District of

 6   Georgia, with offices at Atlanta, do hereby certify:

 7         That I reported on the Stenograph machine the

 8   proceedings held in open court on August 23, 2017, in the

 9   matter of CHAMPS SPORTS BAR & GRILL, ET AL V. MERCURY PAYMENT

10   SYSTEMS, LLC, Case No. 1:16-CV-00012-MHC; that said

11   proceedings in connection with the hearing were reduced to

12   typewritten form by me; and that the foregoing transcript (10

13   Pages) is a true and accurate record of the proceedings.

14         This the 28th day of August, 2017.

15

16

17

18                              _____
                            /s/ Jana B. Colter, RMR, CRR, CRC
19                              Official Court Reporter

20

21

22

23

24

25
```